Hillsborough,
No. 4671.

MARCEL LANDRY & a. v. MANCHESTER.

JOSEPH STEFENS & a. v. SAME.

Argued September 3, 1958.

Decided October 7, 1958.

414

 

*Danais & Danais* and *Martin F. Loughlin* (*Mr. Loughlin* orally), for the plaintiffs.

*J. Francis Roche* (by brief and orally), for the defendant.

BLANDIN, J. The question before us is whether the plaintiffs are entitled to the damage done by all the grading, or, as the defendant claims, only to that caused by the change from the original curb grade, of which they had notice, to the new grade. The precise question does not appear to have been decided in this state, and decisions from other jurisdictions depending on different laws and policies are not persuasive.

It is not disputed that any liability of the municipality is wholly statutory. *Waldron* v. *Berry,* 51 N. H. 136. It had its origin in Laws 1848, *c.* 725, and remains unchanged in substance up to the present time. *Keating* v. *Gilsum,* 100 N. H. 84, 86; *Perrotto* v. *Claremont,* 101 N. H. 267, 269. The present statute (RSA 245:20) reads as follows: "If in repairing a highway by the authority of the town the grade is raised or lowered . . . whereby damage is occasioned to any estate adjoining, the selectmen, on application in writing of the owner, shall . . . assess the damages . . . . " The plaintiffs claim the interpretation of the statute was settled in their favor by the case of *Hinckley* v. *Franklin,* 69 N. H. 614. There the court held that a landowner who built upon a lot abutting an ancient highway was entitled to damages for the subsequent construction of a sidewalk along the highway in front of her home. However, in that case it does not appear that any grade had ever been legally established or that the plaintiff had any notice of any contemplated change prior to acquiring the property. In these circumstances, the court properly reasoned that she could rely on the natural condition of the area existing between the road and her property when she bought it. We believe this case is clearly distinguishable from the situation before us where plaintiffs had notice of the duly established grade of the highways abutting

their property before they purchased. Under our decisions, liability to the plaintiffs would only arise "by a change in grade in the highway *from what was established in the original layout.*" (Emphasis supplied). *Locke* v. *Laconia,* 78 N. H. 79, 81. The city of Manchester concedes that it is liable to this extent.

However, the plaintiffs argue that since sewers, pavements, and hydrants had been put in, and also in view of the delay from 1951 to 1955 before any actual change on the ground was made, they had a right to rely on the maintenance of the status quo and should be compensated fully for damages caused by the actual establishment of the grade. There is force in their contention. However, the defendant points out that the record grade given the plaintiffs was notice to them of what the city had a right to do and what it might reasonably be expected to do when occasion arose. *Cf. Perrotto* v. *Claremont,* 101 N. H. 267. The defendant further asserts that as a practical matter it is not always possible, financially or otherwise, for a city to immediately do all the work on a road necessary to make it conform to the conditions of the original plan. Considering the situation as a whole in the light of the history of the statute and our previous construction of it in *Locke* v. *Laconia,* 78 N. H. 79, and *Vaughn* v. *New Durham,* 93 N. H. 81, 83, we believe the defendant's interpretation of RSA 245:20 is correct. It appears that the Legislature intended to limit damages to those caused by a change in the duly established grade of which purchasers are bound to take notice.

If it may be said that the situation here works a hardship on the plaintiffs, it is apparent that the issue involves balancing the interests of municipalities with individual rights. This matter, involving as it does consideration of many practical factors, is peculiarly within the legislative province. In such cases our court has consistently adhered to the well accepted view that it is for the Legislature to decide what course they wish to follow. *Chronicle &c. Pub. Co.* v. *Attorney General,* 94 N. H. 148, 151. The order is

> *Judgment for the plaintiffs Landry for $2,300.*
> *Judgment for the plaintiffs Stefens for $150.*

All concurred.